UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **HENNA CARDENAS**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**RESORT SALES BY SPINNAKER, INC.**, a South Carolina Corporation, and **RESORT SALES MISSOURI, INC.**, a Missouri Corporation,<br><br>*Defendants*. | Case No.   **9:20-cv-376-RMG**<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Henna Cardenas ("Plaintiff" or "Cardenas") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Resort Sales by Spinnaker, Inc. ("RSS") and Resort Sales Missouri, Inc. ("RSM") (collectively "Defendants") to stop their practice of making unsolicited telephone calls to the telephones of consumers nationwide who are registered on the National Do Not Call Registry and to obtain redress for all persons injured by their conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1.     Defendants are corporations that aggressively market timeshare properties located in South Carolina, Missouri, and Florida.

2.     In an attempt to market and sell their timeshare properties, within a single year, Defendants made multiple unsolicited promotional telephone calls to the landline telephones of

Plaintiff and thousands of other members of the putative Classes who are registered on the do not call registry. This violates the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

3. By making the telephone calls at issue in this Complaint, Defendants caused Plaintiff and the other members of the Classes actual harm, including the annoyance, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls.

4. The TCPA was enacted in part to protect consumers who registered on the do not call registry from, among other things, receiving more than one unsolicited phone call to their residential landlines within a 12-month period from any one entity to whom they have not given prior consent, and with whom they have not done business, exactly like those alleged in this case.

5. In response to Defendants' unlawful conduct, Plaintiff files this action seeking an injunction requiring Defendants to cease all unsolicited telephone calling activities and an award of statutory damages to the members of the Classes under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

6. Plaintiff Henna Cardenas is a natural person and resident of Warren County, New Jersey.

7. Defendant Resort Sales by Spinnaker, Inc., is a South Carolina Corporation with a registered agent in Hilton Head, South Carolina. Defendant RSS conducts business throughout this District and the United States.

2

8. Defendant Resort Sales Missouri, Inc., is a Missouri Corporation with its headquarters in Hilton Head, South Carolina. Defendant RSM conducts business throughout this District and the United States.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute that raises questions of federal law. Jurisdiction is also proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d) because there is minimal diversity, the class consists of over 100 persons, the amount in controversy exceeds $5,000,000, and none of the statutory exceptions applies.

10. This Court has personal jurisdiction over Defendants because Defendants have substantial contacts within this District, each maintaining a principal place of business in this District. Defendants conduct a significant amount of business in this District, solicit consumers in this District, made and continue to make unsolicited calls in this District, and the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants conduct a significant amount of business within this District and market to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

12. Defendant RSS and RSM are South Carolina and Missouri corporations, respectively—both of which operate primarily in South Carolina. On information and belief, Defendants purchase lists of consumers to call without first receiving consent from the consumers to call.

3

13. Defendants are wholly-owned subsidiaries of Spinnaker Resorts, Inc. ("Spinnaker"), the Defendants' common parent corporation. On information and belief, Spinnaker owns the resort timeshares that Defendants market through their telemarketing campaigns.

14. Defendants have turned to unsolicited telemarketing as a way to increase their customer base as they seek to generate sales for Spinnaker's vacation ownership business.

15. Widespread telemarketing is a primary method by which Defendants recruit new customers.

16. Online consumer complaints related to Defendants' telemarketing calls to consumers registered on the do not call registry are numerous. For example:

- "This number calls me everyday. I am on the do not call list and I did not put my number in for anything. Wish they would stop calling."[1]

- "I am on the DO NOT CALL list, Severely disabled, & in unremitting pain, due to a collapsing spine. I never know if or when I can get any restful sleep! I had a level 10 pain day, night & morning when I should have been sleeping, yesterday continuing into this morning! I finally got to sleep shortly after my wife left for work at 9:30am. At 10:31 I was rudely awakened by an auto dialer that was associated with phone # 314-445-1541. Now according to the research I did using the Internet the # is Spinnaker Time Shares."[2]

- "314-445-1541 just called again (3/17/13 at 8:48). I did not answer. Apparently the times share company calling again. I am on the Do Not Call list and, as I said before, it is a joke."[3]

- "These people call at least once a week. I have reported them to the DNC people each time, so at least 6 times. I refuse to answer the phone. Get a real job and stop calling!"[4]

---

[1] http://800notes.com/Phone.aspx/1-407-730-9939/2
[2] http://800notes.com/Phone.aspx/1-314-445-1541
[3] http://800notes.com/Phone.aspx/1-314-445-1541
[4] http://800notes.com/Phone.aspx/1-314-445-1541

4

- "This phone contacted my cell phone 100 times. I don't know who are they. I would like to report this phone as unwanted phone number."[5]

- "[T]his number keeps calling my cell phone several times each day. I do not answer. I have not solicited this call in any way and am not interested in speaking to them. I just want the calls to stop."[6]

- "They have called me 5 times in 5 days even though I ask them every time not to call me."[7]

- "If they were a legitimate company they would be abiding by the Do Not Call List and not calling people that didn't want to be called."[8]

17.     Defendants and/or their agents place repeated and unwanted calls to consumers whose phone numbers are registered with the National Do Not Call Registry. Consumers register their phone numbers on the Do Not Call list for the express purpose of avoiding unwanted telemarketing calls like those alleged here. Defendants do not check their lists of numbers to call against the Do Not Call list and do not remove from their telemarketing lists the numbers of consumers who are on the Do Not Call list.

18.     Furthermore, Defendants and/or their agents fail to process requests made by the called persons to not be called once they have been called.

19.     At all times material to this Complaint, Defendants were and have remained fully aware that unsolicited telemarketing calls were and are being made to consumers' residential landlines through their own efforts and their agents.

20.     Defendants knowingly made (and continue to make) unsolicited telemarketing calls without the prior express consent of the call recipients and knowingly continued to call them

---

[5] http://800notes.com/Phone.aspx/1-314-445-1541
[6] http://800notes.com/Phone.aspx/1-417-851-4101/2
[7] http://www.bbb.org/southwestern-missouri/business-reviews/timeshare-companies/spinnaker-resorts-in-branson-mo-14041/complaints#sthash.Ug6U1kMa.dpuf
[8] http://800notes.com/Phone.aspx/1-407-588-9744/2

after requests to stop. In so doing, Defendants not only invaded the personal privacy of Plaintiff and members of the putative Class, they also intentionally and repeatedly violated the TCPA.

21. Employees from Defendants have posted publicly on the internet about their experience of cold calling consumers:

- "They say you are not cold calling because you get leads from ads but you are basically cold calling people. The pay us not worth the stress you will have working here."[9]

- "Resort sales timeshare company. Cold calling residences for timeshare presentations…"[10]

- "Hard to work for a company that encourages deceit. The owners of the company encourage deceptive sales practices and are crooked."[11]

- "They treat you like you are dumb and tell you 'hey we have these new leads' and they are the same leads not only from the past few weeks and months, they are the same leads the other centers use."[12]

22. In addition, Defendants continue to call consumers who have explicitly requested that the calls stop.

23. Numerous complaints have been reported online from consumers who have requested that Defendants stop calling and yet continued to receive more calls:

- "Do not get involved with Spinnaker Resorts. Their telemarketing WILL harass you. I constantly receive calls from them, sometimes 3 to 4 times a day. They have refused to comply with my request to stop the calls and place me on the do not call list. They are also not concerned with being reported."[13]

- "They have so far called twice today. I answer, even though I know they are trying to sell me a vacation in Florida. Today nobody would talk to me. I have asked them many times to stop calling to no avail."[14]

---

[9] https://www.indeed.com/cmp/Spinnaker-Resorts/reviews
[10] *Id.*
[11] *Id.*
[12] https://www.glassdoor.com/Reviews/Spinnaker-Vacation-Resorts-Reviews-E306378.htm
[13] https://www.yelp.com/biz/spinnaker-resorts-branson
[14] http://800notes.com/Phone.aspx/1-407-734-3042

6

- "Eric from Spinnaker Resorts called to let me know I was eligible for their scam. I asked them to place me on their DNC list and he said "absolutely not."[15]

- "Stop Calling!!! How can I stop these calls, they are not removing me."[16]

- "Spinnaker Resorts seems to call from many, many different numbers. Have answered some of them in the past and explicitly requested to be put on their do not call list, they're not respecting it." [17]

- "407-734-3042 has been calling for at least two years offering a free vacation. I tell them I am not interested and to put me on their DO NOT CALL list. Think that does any good, think again. These people are running a scam to either get you to pay for a vacation or simply to get your credit card information for fraudulent activity."[18]

- "Finally did answer, asked them to take me off of the calling list. I guess they can't do that permanently...you have to ask to be taken off the list each time?"[19]

- "I have received several calls from Spinnaker Resorts. I have hung on them twice. The last call was on 6-27-15. I told the guy that I was not interested and for him not to call me back or I would report him and he had a smart comment back to me that it would not do any good because he had the right to call me and hung up."[20]

- I told them on multiple occasions I did not go to their page and have no interest in traveling there. I requested my number be removed but they keep calling. Today the rep on the line laughed and said well you are the one who said you are interested in Branson. I said I am telling you more I am not and she just laughed again. Horrible customer service reps and I'm tired of them calling when I have told them multiple times to quit.[21]

- "This phone number keeps calling even after I have TOLD them too STOP!!!!!!"[22]

- "I have been contacted repeatedly by individuals saying the are calling from Spinnaker Resorts Customer Care Dept. This has been going on for over a year. Sometimes they take a break but I often get 2 or 3 calls in a week. I am being told that somehow I have a credit with them, which I find had to believe as I have had no dealings with them. In any event as I had told every caller from the beginning, I have no interested in dealing with

---

[15] http://800notes.com/Phone.aspx/1-407-734-3042/2
[16] http://800notes.com/Phone.aspx/1-407-730-9939/2
[17] http://800notes.com/Phone.aspx/1-708-617-9550
[18] http://800notes.com/Phone.aspx/1-407-734-3042
[19] http://800notes.com/Phone.aspx/1-866-455-3577
[20] http://www.bbb.org/southwestern-missouri/business-reviews/timeshare-companies/spinnaker-resorts-in-branson-mo-14041/complaints#sthash.Ug6U1kMa.dpuf
[21] http://www.bbb.org/southwestern-missouri/business-reviews/timeshare-companies/spinnaker-resorts-in-branson-mo-14041/complaints#sthash.Ug6U1kMa.dpuf
[22] http://800notes.com/Phone.aspx/1-866-455-3577

7

Spinnaker and no interest in travelling to the locations where they have their resorts. I have asked repeatedly that I be removed from their call list but they keep on calling. I received another call this morning which is the third one in this past week. Another concern is they are engaging in phone spoofing which I thought was illegal. The calls come in showing a local number on my caller ID. When I call the numbers that were on my caller ID they are always out of service. I have expressed my concern to the callers from Spinnaker who stayed on the line long enough for me to voice them and was told that a computer makes the calls."[23]

### FACTS SPECIFIC TO PLAINTIFF HENNA CARDENAS

24.     Plaintiff is a nurse who works at night and sleeps during the day, preferably without interruption.

25.     On February 9, 2010, Plaintiff registered her landline phone number on the National Do Not Call Registry specifically to avoid telemarketing calls.

26.     Starting in or around April 2015, Plaintiff began receiving multiple calls during the day on her landline telephone from different New Jersey telephone numbers, including 908-206-8623, 908-222-8013, 908-222-7407, 908-213-1884, 908-206-1351, and 908-213-0955. The telemarketer always identifies themselves as calling from "Spinnaker Resorts."

27.     When she answered each call, there would be a long pause, and then a voice—which identified itself as representing Spinnaker—would tell her that she had a credit that she had not used.

28.     Each time Spinnaker called, Plaintiff told the caller she was not interested, that she was on the do not call registry, and not to call her back again.

29.     Plaintiff continued to receive dozens of calls from Defendants despite her previous request that they stop calling her.

---

[23] https://www.complaintsboard.com/complaints/spinnaker-resorts-aggressive-and-misleading-marketing-c806175.html

8

30. These calls were made using an automatic telephone dialing system and were made more than 30 days after Plaintiff asked not to be called.

31. The calls were annoying and harassing and interrupted her necessary daytime sleep, making it more difficult to do her job at night.

32. Plaintiff called back the phone numbers that kept calling her in an effort to tell them yet again to stop calling her, but each time she reached a non-working telephone number, which frustrated and barred her attempt to further opt-out of their calls.

33. Finally, on March 21, 2016, Plaintiff called the listed telephone number for Spinnaker in an effort to stop the calls. Plaintiff reached the customer service department and spoke to a representative whom she told to stop the calls. The customer service representative said she needed to contact the marketing department, and transferred Plaintiff to that extension. Nobody answered at that extension, and the call was routed to voicemail. Plaintiff left a voicemail requesting the calls stop immediately.

34. On April 21, 2016, Plaintiff received a call from 908-213-1884. The caller identified themselves as being from Spinnaker. Plaintiff told the operator to stop calling her. Despite this, Plaintiff received additional calls both within and beyond 30 days from this request.

35. On April 25, 2016, Plaintiff received another call and the caller identified the company she was calling from as Spinnaker Resorts. The agent said that Plaintiff had a credit that was unused that could be applied to Spinnaker Resorts. Plaintiff has never had a relationship with Spinnaker or Defendants. Plaintiff asked the operator where they got her phone number and she was unable to specifically identify the source or otherwise explain how they obtained Plaintiff's phone number.

9

36. Defendants also called Plaintiff from 908-428-4405 on June 29, 2016, June 30, 2016, July 3, 2016, July 15, 2016, July 17, 2016, and July 24, 2016.

37. Defendants called Plaintiff on August 3, 2016. When Plaintiff answered, the operator identified herself as calling from Spinnaker Resort. Plaintiff demanded that they stop calling her.

38. Despite her request, Defendants called her again from 908-428-4405 at 3:16 p.m. on August 5, 2016 and Plaintiff again told the operator to stop calling her. Despite that request, Defendants called her again at 8:28 p.m. that night from the same number.

39. Defendants called Plaintiff against from 908-428-4405 on August 11, 2016 at 9:45 a.m., 10:14 a.m., and 2:09 p.m.

40. Defendants called Plaintiff again on August 12, 2016 from 908-428-4405 at 12:44 p.m. and again at 1:40 p.m.

41. Defendants called Plaintiff again on August 13, 2016 from 908-428-4405 at 9:57 a.m., 10:23a.m. and 2:30 p.m.

42. Defendants called Plaintiff again on August 15, 2016 from 908-428-4405 at 9:58 a.m., 1:16 p.m., 2:58 p.m., and 5:41 p.m.

43. Defendants called Plaintiff again on August 16, 2016 from 908-428-4405 at 12:53 p.m. and 2:56 p.m. Plaintiff answered the calls at 5:34 p.m. and 7:00pm and told the operator each time to stop calling.

44. Defendants called Plaintiff again on August 17, 2016 from 908-428-4405 at 10:08 p.m. and again at 10:13 a.m. The caller identified themselves as Spinnaker resort and Plaintiff again told Defendants to stop calling her.

10

45. Plaintiff received calls from 908-428-4405 on August 22, 2016. The caller identified themselves as Spinnaker Resorts and Plaintiff again told them to stop calling her.

46. Plaintiff received calls from 908-428-4405 on August 24, 2016 at 11:50 a.m.

47. Plaintiff received calls from 908-428-4405 on August 25, 2016 at 11:57 a.m. and at 4:58 p.m.

48. Plaintiff received calls from 908-428-4405 on October 11, 2016 at 10:27 a.m.

49. Plaintiff received calls from 908-428-4405 on October 20, 2016 at 9:45 a.m. and 2:30 p.m.

50. Plaintiff received calls from 908-428-4405 on October 21, 2016 at 9:45 a.m. and 1:37 p.m.

51. Plaintiff received calls from 908-428-4405 on October 22, 2016 at 1:54 p.m., on November 11, 2016, on November 14, 2016 at 11:27 a.m., and on November 15, 2016 at 11:35 a.m.

52. Plaintiff received calls from Defendants on November 16, 2016 at 9:59 a.m, and at 2:08 p.m.

53. Plaintiff received calls from 908-428-4405 on June 29, 2017 at 10:36 a.m., and on June 30, 2017 at 11:31 a.m.

54. Plaintiff received calls from 908-428-4405 on July 3, 2017 at 11:54 a.m., on July 15, 2017 at 2:02 p.m., on July 17, 2017 at 12:38 p.m., and on July 24, 2017 at 10:45 a.m.

55. Plaintiff does not have a relationship with Defendants and has never provided her telephone number directly to Defendants or requested that Defendants place calls to her or offer her their services. Simply put, Plaintiff has never provided her prior express consent to Defendants to place calls to her and has no business relationship with Defendants.

11

56. As a result of Defendants' repeated intrusive and unwanted telemarketing calls within a 12-month period and more than 30 days after being told to stop calling, Plaintiff suffered actual harm in the form of annoyance, nuisance, and invasions of her common law and statutory privacy rights.

57. At the time they called Plaintiff, Defendants were aware that the above-described telephone calls were and are being made to consumers like Plaintiff who had not consented to receive them and whose telephone numbers were registered with the National Do Not Call Registry.

58. Each time they called Plaintiff after the first call in, Defendants were also aware that it had placed more than one telemarketing call to Plaintiff's number within a 12-month period.

## CLASS ALLEGATIONS

59. Plaintiff brings this action on behalf of herself and the classes defined as follows (the "Classes"):

> **No Consent DNC Class:** All persons in the United States from four years prior to the filing of this action through the present (1) who had his or her telephone number(s) registered with the National Do Not Call Registry for at least thirty days, (2) who thereafter received more than one telephone call made by or on behalf of Defendants within a 12-month period, (3) for whom Defendants obtained prior express consent to call in the same manner as Defendants claim they obtained consent to call the Plaintiff, (4) where the equipment used to make the calls was the same equipment used to call the Plaintiff, and (5) where the purpose of the call was the same as the purpose of the calls made to Plaintiff.

> **DNC Stop Calling Class**: All persons in the United States from four years prior to the filing of this action through the present (1) who had his or her telephone number(s) registered with the National Do Not Call Registry for at least thirty days; (2) who received more than one telephone call made by or on behalf of Defendants within a 12-month period; (3) who were called for the same purpose Plaintiff was called; (4) who requested that Defendants not call them again, and (5) who received at least one additional call from Defendants at least thirty days after requesting that Defendants not call them again.

Excluded from the Classes are (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) the legal representatives, successors, or assigns of any such excluded person, and (5) Plaintiff's counsel and Defendants' counsel.

60. **Numerosity**: The exact sizes of the Classes are unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants made telephone calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be easily identified through Defendants' records and by reference to wholly objective criteria, like the DNC list and phone records.

61. **Commonality and Predominance**: There are several questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) Whether Defendants systematically made telephone calls to members of the Classes for whom Defendants never obtained prior express consent to make such telephone calls;

(b) Whether Defendants systematically made repeated telephone calls to members of the Classes whose telephone numbers were registered with the National Do Not Call Registry;

(c) Whether Defendants' conduct constitutes a violation of the TCPA;

13

  (d)  Whether Defendants failed to honor and process Do Not Call requests received by persons whose phone numbers have been listed on the Do Not Call registry;

  (e)  Whether Defendants had a written Do Not Call policy available on demand and whether they trained their employees in the existence and use of any such policy; and

  (f)  Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

62. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendants have no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Classes.

63. **Appropriateness**: This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Classes as respective wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Classes as respective wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by

Defendants' actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227,** *et seq.*
**(On behalf of Plaintiff and the No Consent DNC Class)**

64.     Plaintiff incorporates the foregoing factual allegations as if fully set forth herein.

65.     47 U.S.C. §227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

66.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

67.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

15

"(1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

68.     Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, multiple telephone solicitations within a single 12-month period to residential telephone subscribers such as Plaintiff and the No Consent-DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry. These consumers requested to not receive calls from Defendants as set forth in 47 C.F.R. § 64.1200(d)(3).

16

69. Defendants made more than one unsolicited telephone call to Plaintiff within a 12-month period without Plaintiff's prior express consent to receive such calls. Defendants also made more than one unsolicited telephone call to each member of the Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and members of the No Consent Do Not Call Class never provided any form of consent to receive telephone calls from Defendants, oral or written, and/or Defendants do not have a current record of consent to place telemarketing calls to them.

70. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one telephone calls in a 12-month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above.

71. Defendants violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential telephone subscribers, such as Plaintiff and the No Consent-DNC Class, without instituting procedures that comply with the regulatory minimum standards for maintaining an internal list of persons who request not to receive telemarketing calls from them, and by not informing and training its personnel (those engaged in any aspect of telemarketing) in the existence and use of any such internal do-not-call list.

72. As a result of Defendants' unlawful conduct, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), Plaintiff and each member of the No Consent Do Not Call Class are each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

73. In the event the Court finds Defendants' violations were willful and knowing, Plaintiff and the No Consent Do Not Call Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

## SECOND CAUSE OF ACTION
**Violation of 47 U.S.C. § 227,** *et seq.*
**(On behalf of Plaintiff and the Stop Do Not Call Class)**

74. Defendants violated 47 C.F.R. §64.1200 by initiating calls for telemarketing purposes to residential telephone subscribers such as Plaintiff and the Stop Do Not Call who were registered on the national do not call registry and who specifically told Defendants to stop calling them, and who received two more calls within a 12-month period from Defendants after informing Defendants to stop calling them.

75. Defendants made these calls without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them and by failing to adequate inform and train its personnel involved in telemarketing in the existence and use of the do not call list.

76. As a result of these failures, Defendants failed to honor and process do not call requests from Plaintiff and other class members.

77. Plaintiff and the other class members received calls from Defendants more than 30 days after they'd requested to no longer be called.

78. As a result of Defendants' unlawful conduct, Plaintiff and the Stop Do Not Call Class suffered actual damages and, under section 47 U.S.C. § 227(c), Plaintiff and each member of the Class is each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

79. In the event the Court finds Defendants' violations were willful and knowing, Plaintiff and the Stop Do Not Call Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Henna Cardenas, individually and on behalf of the Classes, prays for the following relief:

1. An order certifying the Classes as defined above, appointing Plaintiff Henna Cardenas as the representative of the Classes, and appointing her counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendants and their agents to cease all unsolicited telephone calling activities, to honor do not call requests, and to provide a domestic number for opting out, and otherwise protecting the interests of the Classes;

4. A declaratory judgment declaring that Defendants' calls violated the TCPA, that Defendants did not institute procedures that comply with the regulatory minimum standards for maintaining a list of persons who are registered on the National Do Not Call Registry and scrubbing those numbers from their dialing list;

5. A declaratory judgment declaring that Defendants did not institute procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them and to stop calling them;

6. An award of reasonable attorneys' fees and costs; and

7. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

*(Signature to Follow on Next Page)*

19

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | **HENNA CARDENAS**, individually and on behalf of class of similarly situated individuals |
| Dated: January 30, 2020 | By: ___/s/ Margaret A. Collins_____<br>　　　　One of Plaintiff's Attorneys |
|  | Margaret A. Collins, Esquire,<br>Attorney for Plaintiff<br>P.S.L.G., LLC d/b/a Palmetto State Law Group, LLC<br>2241 Bush River Road<br>Columbia, SC 29210<br>Office: (803) 708-7442 |
|  | Steven Woodrow*<br>swoodrow@ppeluso.com<br>Patrick Peluso*<br>ppeluso@woodrowpeluso.com<br>Woodrow & Peluso, LLC<br>3900 E. Mexico Avenue, Suite 300<br>Denver, CO 80210<br>Phone: (720) 213-0675 |
|  | Stefan Coleman<br>law@stefancoleman.com<br>Law Offices of Stefan Coleman, P.A.<br>201 South Biscayne Blvd., 28th Floor<br>Miami, Florida 33131<br>Tel: 877.333.9427<br>Fax: 888.498.8946 |
|  | *Motions for admission *pro hac vice* to be filed |