IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| HENNA CARDENAS, Individually and on behalf of all others similarly situated, ) ) ) ) Plaintiff, ) ) vs. ) ) RESORT SALES BY SPINNAKER, ) INC. and RESORT SALES MISSOURI, ) INC. ) ) Defendants. ) | Case No.: 9:20-cv-376-RMG<br><br>**PLAINTIFF'S HENNA CARDENAS'S LOCAL RULE 26.03 SUBMISSION RE: RULE 26(f) REPORT** |

In accordance with Local Rule 26.03, Plaintiff Henna Cardenas submits the following information addition to the requirements set forth in Fed. R. Civ. P. 26(f) for a report to the court:

(1) A short statement of the facts of the case.

Plaintiff Helena Cardenas, who registered her phone number on the National Do Not Call Registry in 2010, received repeated telemarketing calls by or on behalf of the Defendants. She repeatedly told the callers to "Stop" calling her but they refused to listen and, instead, continued to call her. The calls were excessive and harassing. Each time Plaintiff was called she was told by the caller that the call was being made on behalf of "Spinnaker" or "Spinnaker Resorts." Complaints from consumers abound online about Spinnaker's harassing telemarketing, and even former employees admit that their job is to cold-call in an effort to aggressively market timeshare properties. Defendants deny that they made the calls in question but refuse to disclose who made the calls on their respective behalfs.

(2) The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

Plaintiff Henna Cardenas will have information about the calls she received, what she heard on the line, and the registration of her phone on the National Do Not Call List.
Representatives of Defendants familiar with Defendants' telemarketing practices or the practices of its vendors/agents, including practices related to persons whose phone numbers have been registered on the National Do Not Call Registry.
Defendants' agents or other as-yet unidentified third parties who made the calls at issue on behalf of Defendants will have information regarding their telemarketing practices or the practices of its vendors/agents on behalf of Defendants, including practices related to persons whose phone numbers have been registered on the National Do Not Call Registry.

(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

Without conceding the need for such expert witnesses or testimony, Plaintiff reserves the right to call, as appropriate, expert witnesses regarding several issues in the case, including without limitation Defendants' data and data management systems, the use of statistical sampling, and the equipment used to make the calls at issue.

(4) A summary of the claims or defenses with statutory and/or case citations supporting the same.

Defendants, or persons acting on Defendants' behalf, made repeated unsolicited telemarketing calls to Plaintiff Cardenas pitching her on Defendants' timeshare properties. Plaintiff nor any other Class Member provided consent to be called. Furthermore, Plaintiff and the other class members had registered their telephone numbers on the National Do Not Call list ("DNC List"). Once a telephone number has been registered for thirty (30) days, telemarketers cannot make more than one unsolicited call during any 12-month period. The TCPA itself, 47 U.S.C. §227(c), provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of the regulations. Those regulations, in turn, state that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." 47 C.F.R. § 64.1200(c).

In short, Defendants' repeated phone calls in any 12-month period to Cardenas and the other class members plainly violated the TCPA and its implementing regulations.

Furthermore, Cardenas and others specifically requested that the Defendants' (or the persons making the calls on Defendants' behalf) "Stop" making the calls—which the Defendants and their telemarketers failed to honor. The TCPA's regulations, 47 C.F.R. § 64.1200(d), require companies engaged in telemarketing to DNC consumers to "have a written policy, available upon demand, for maintaining a do-not-call list" (§ 64.1200(d)(1)); to train personnel in the existence and use of the Do Not Call list (§ 64.1200(d)(2)); record and honor the do not call request within 30 days (§ 64.1200(d)(3)); identify themselves and who they are calling on behalf of and provide a callback number (§ 64.1200(d)(4)); and honor the do not call requests for 5 years. (§ 64.1200(d)(6)). There is no evidence Defendants or the persons making the calls on Defendants' behalf complied with any of these requirements.

Because Defendants' (or persons acting on their behalf) made these calls to thousands of persons who had their phone numbers listed on the national DNC List, and because Defendants failed to obtain consent, limit calls to persons on the DNC List to one per year, and honor Stop requests, this case presents a textbook class action. To date, Defendants abjectly refuse to take any responsibility for their conduct, claiming they don't know who made the calls at issue.

(5) Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.):

(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures.

Please see Plaintiff's proposed Schedule below

(b) Completion of discovery.

     Plaintiff objects to Defendants' proposal to bifurcate discovery into three distinct phases: FIRST, discovery into the merits of Plaintiff's claim, SECOND, discovery related to whether a class can be certified, and THIRD merits-based discovery for the certified class. The key questions regarding the ATDS claims ask: (1) who made the calls, (2) how did they get consent to make the calls, (3) did they use an ATDS to make the calls, (4) were the calls on behalf of Defendants, and (5) how many calls were placed. For the DNC claims, Plaintiff also needs to know how many calls were placed to consumers on the DNC List and information regarding Defendants' do not call policies, such as Defendants' maintenance of any internal do not call lists and any training of their personnel. There is simply no basis for separating discovery into separate phases.

     This is particularly true in the instant case since the discovery related to Plaintiff and the Class are likely to overlap. Whether Defendant had a do not call policy that is available on demand, whether it trained its personnel in that policy, whether it recorded do not call requests and honored them for five years; whether Defendants obtained consent; whether the calls were on behalf of Defendant to sell their timeshares—all of these are common issues for Plaintiff and the proposed Class and both will require substantially the same discovery. There is no reason to force Plaintiff to win her individual case simply to be entitled to learn how many other persons are similarly situated and the number of phone calls placed to them (the two key determinants of Defendants' liability). Likewise, there is no basis for making Plaintiff wait to learn the purpose of the calls to her and others.

     Ultimately Defendants appear interested in erecting barriers to the effective prosecution of this case through protracted motion-practice (the Court already denied Defendants' Motions to Dismiss) and now three separate discovery hurdles. The Court should reject Defendants' proposal and instead enter the following deadlines:

| | |
|---|---|
| Deadline to Amend Pleadings: | Wed. December 2, 2020 or within 30 days of Defendants identifying person(s) who made the calls |
| Deadline to complete discovery: | Wed. June 16, 2021 – this will encompass both class and merits discovery |
| Expert Disclosures: | Expert reports due June 30, 2021. Rebuttal reports due July 28, 2021. |

| | |
|---|---|
| Expert Deposition Deadline: | August 30, 2021 |
| Certification Briefing: | Motion by Plaintiff due no later than September 29, 2021. Opposition by Defendants' due October 27, 2021. Replies due November 17, 2021. |
| Subsequent CMC: | To be set by Court following a ruling on class certification. At this CMC, the Court will set deadlines for completion of ADR, dispositive motions, the pre-trial conference, and trial/jury selection date. |

(6) Any special circumstances that would affect the time frames applied in preparing the scheduling order.

This is a proposed class action and the parties disagree about bifurcation. The Court doesn't need briefing on the issue—bifurcation here would delay the proceedings, duplicate effort, and lead to disputes (requiring additional court time and intervention) regarding whether specific requests seek information related to the "class" versus the "merits of Plaintiff's individual claim" versus "class merits".

(7) Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.

The Parties are working on a draft ESI protocol and confidentiality order. The Court should Order Defendants to disclose with their initial disclosures all information in their possession or control related to the calls, including the identities of any entities who made the calls, and any agents or vendors who may have made the calls.

                                                Respectfully submitted,

                                                /s/ Margaret A. Collins
                                                Margaret A. Collins
                                                **P.S.L.G., LLC d/b/a Palmetto State Law Group, LLC**
                                                2241 Bush River Road Columbia, SC 29210
                                                Tel: (803) 708-7442
                                                meg@pslawsc.com

                                                -and-

                                                Steven Woodrow (*pro hac vice*)
                                                Patrick Peluso (*pro hac vice*)
                                                **Woodrow & Peluso, LLC**
                                                3900 E. Mexico Avenue, Suite 300

Denver, CO 80210
Tel: (720) 213-0675
swoodrow@woodrowpeluso.com
ppeluso@woodrowpeluso.com

Stefan Coleman
**Law Offices of Stefan Coleman, P.A.**
201 South Biscayne Blvd., 28th Floor
Miami, Florida 33131
Tel: (877) 333-9427
law@stephancoleman.com