# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| HENNA CARDENAS, Individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) RESORT SALES BY SPINNAKER, ) INC. and RESORT SALES MISSOURI, ) INC. ) ) Defendants. ) ) ) | Case No.: 9:20-cv-376-RMG |

## DEFENDANTS RESORT SALES BY SPINNAKER, INC. AND RESORT SALES MISSOURI, INC.'S LOCAL CIVIL RULE 26.03 RESPONSES

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 26.03, Defendant Resort Sales by Spinnaker, Inc. ("RSS") and Defendant Resort Sales Missouri, Inc. ("RSM") (together, "Defendants") hereby submit the following Local Civil Rule 26.03 responses:

**1.     A short statement of the facts of the case.**

Plaintiff Henna Cardenas filed this putative class action against RSS and RSM alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c) & (d). Plaintiff alleges that she received telemarketing calls to her residential number from Defendants between March 2016 and July 2017, which number she asserts was listed on the National Do Not Call Registry. Plaintiff further alleges that she asked the alleged callers to stop calling her but continued to receive telemarketing calls thereafter.

RSS and RSM deny liability and deny that any class should be certified. With regard to direct liability, Defendants cannot be held liable because the calls alleged in the Complaint were

not made by Defendants, and because Defendants have never made any telephone calls for any purpose using the "called from" telephone numbers alleged in the Complaint. With regard to vicarious liability, Plaintiff has not identified who made the alleged telephone calls, let alone what if any business relationship the alleged telemarketing callers purportedly had with RSS or RSM. From Plaintiff's allegations, RSS and RSM are unable to determine whether any telemarketing vendor they contracted with made the alleged calls, nor are Defendants aware of any such vendor who used the "called from" telephone numbers alleged in the Complaint. Plaintiff cannot maintain this action without identifying who made the alleged calls to her.

2. **The names of fact witnesses likely to be called by the parties and a brief summary of their expected testimony:**

RSS and RSM incorporate herein their respective initial disclosures under Federal Rule of Civil Procedure 26(a)(1), which are to be exchanged by September 16, 2020, as agreed by the Parties.

3. **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

Defendants RSS and RSM have not yet determined what, if any expert witnesses they will identify to testify at the time of trial. Defendants reserve the right to identify and call expert witnesses to testify regarding any issues that are identified during the course of discovery and to rebut any expert testimony offered by Plaintiff in accordance with the Scheduling Order entered by this Court, the Federal Rules of Civil Procedure, and the District of South Carolina Local Civil Rules.

4. **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

Defendants RSS and RSM deny liability and deny that any class should be certified. With regard to liability, Defendants deny they made telemarketing calls in violation of the TCPA, and

deny that they are liable for any alleged telemarketing calls made by non-party telemarketing vendors. A federal district court has found that RSS and RSM did not make the alleged telemarketing calls to Plaintiff, a finding that collaterally estops Plaintiff from making the same allegations in this case. *See Henna Cardenas v. Spinnaker Resorts, Inc.*, Case No. 16-2466-JLL, 2017 WL 3315285 (D.N.J. Aug. 3, 2017) [ECF Dkt. 15-4 in this action]. Plaintiff has failed to identify any third party that made telemarketing calls to Plaintiff and failed to join any third party to this action for making telemarketing calls. Defendants deny Plaintiff's claims that they knowingly or willfully made telemarketing calls to Plaintiff in violation of the TCPA.

Defendants contend that an established business relationship existed with Plaintiff. 47 C.F.R. § 64.1200(f)(5). In 2012, Plaintiff and her husband purchased a "mini-vacation" package to a resort location in Ormond Beach, Florida, for which they paid $395. "[A] potential recipient's existing business relationship with the defendant is an affirmative defense to the TCPA." *Elkins v. Medco Health Sols., Inc.*, No. 4:12CV2141 TIA, 2014 WL 1663406, at *8 (E.D. Mo. Apr. 25, 2014).

Defendants contend they had reasonable protocols in place to prevent violations of the TCPA by themselves or by the non-party telemarketing vendors RSS or RSM contracted with. *Hodgin v. UTC Fire & Sec. Americas Corp.*, 885 F.3d 243, 247 (4th Cir. 2018).

With regard to the class action allegations, Defendants deny that any class may be properly certified. Plaintiff's defined classes are improper under Rule 23 because, *inter alia*, adjudication of Plaintiff's claim on a class-wide basis would be consumed by individualized factual inquiries and individual application of the substantive law, including but not limited to inquiries regarding consent for the calls and established business relationships between Defendants and the putative class members. In addition, Plaintiff will not be an adequate class representative for persons who

allege Defendants are directly liable (as opposed to vicariously liable), or those who purportedly received telemarketing calls from a different vendor than Plaintiff. Furthermore, Plaintiff's two proposed classes should be struck pursuant to Rule 12(f) of the Federal Rules of Civil Procedure because 1) they require individualized findings and are, accordingly, not ascertainable; and 2) they are improper "fail-safe" classes. *See, e.g., Pepka v. Kohl's Dept. Stores, Inc.*, Case No. CV-16-4293-MWF (FFMx), 2016 WL 8919460 (C.D. Cal. Dec. 21, 2016); *Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536 (E.D. Mich. 2015).

Defendants' other defenses are detailed in their respective Answers to the Complaint. But those defenses need not be reached, and no class-wide discovery should commence, when a threshold issue so clearly exists that could end the Parties' dispute before the Parties and the Court expend further resources on this litigation. As detailed above and in the Rule 26(f) Report, Defendants ask this Court for bifurcated discovery and an early date for their Motion for Summary Judgment on the issues of whether RSS, RSM, or any non-party telemarketing company that contracted with RSS or RSM, made any of the alleged calls to Plaintiff. Plaintiff cannot maintain this action if no such calls were made.

**5.     Dates for deadlines to exchange Fed. R. Civ. P. 26(a)(2) expert disclosures and for completion of discovery.**

Defendants' proposed discovery plan is set forth in the Rule 26(f) Report.

**6.     Special circumstances that would affect the time frames applied in preparing the scheduling order.**

None identified.

7.  **Additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

    Defendants are not aware of any requested information that is not provided herein.

/s/ S. Harrison Williams
Barry L. Johnson (Fed. I.D. No. 2185)
S. Harrison Williams (Fed. I.D. No. 12405)
**Johnson & Davis, PA**
The Victoria Building, Suite 200 10 Pinckney Colony Road Bluffton, SC 29909
Tel: (843) 815-7121
barry@jd-pa.com
harrison@jd-pa.com

-and-

Robert A. Assuncao (*pro hac vice*)
Steven F. Gooby (*pro hac vice*)
**Ansa Assuncao, LLP**
100 Matawan Road, Suite 410
Matawan, NJ 07747
Tel: (732) 993-9850
robert.assuncao@ansalaw.com
steven.gooby@ansalaw.com

*Attorneys for Defendants Resort Sales by Spinnaker, Inc. and Resort Sales Missouri, Inc.*