# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **HENNA CARDENAS, Individually and on behalf of all others similarly situated,** | ) ) ) Case No.: 9:20-cv-376-RMG |
| Plaintiff, | ) ) **RULE 26(f) REPORT** |
| vs. | ) ) |
| **RESORT SALES BY SPINNAKER, INC. and RESORT SALES MISSOURI, INC.** | ) ) ) ) |
| Defendants. | ) |

The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

_____    We agree that the schedule set forth in the Conference and Scheduling Order issued **July 29, 2020** is appropriate for this case. The information required by Local Civil Rule 26.03 will be separately filed by the parties.

_____    We agree that the schedule set forth in the Conference and Scheduling Order issued **July 29, 2020** requires modification as set forth in the attached proposed Consent Amended Scheduling Order (use same format as the Court's standard scheduling order attached hereto). The information required by Local Civil Rule 26.03 will be separately filed by the parties.

\_\_\_X\_\_\_    We are unable, after consultation, to agree on a schedule for this case. Therefore, we request a scheduling conference with the Court. The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, and the information required by Local Civil Rule 26.03 will be separately filed by the parties.

*Attorneys for Plaintiff*

/s/ Margaret A. Collins
Margaret A. Collins
**P.S.L.G., LLC d/b/a Palmetto State Law Group, LLC**
2241 Bush River Road
Columbia, SC 29210
Tel: (803) 708-7442
meg@pslawsc.com

-and-

*Attorneys for Defendants*

/s/ S. Harrison Williams
Barry L. Johnson (Fed. I.D. No. 2185)
S. Harrison Williams (Fed. I.D. No. 12405)
**Johnson & Davis, PA**
The Victoria Building, Suite 200
10 Pinckney Colony Road
Bluffton, SC 29909
Tel: (843) 815-7121
barry@jd-pa.com
harrison@jd-pa.com

Steven Woodrow (*pro hac vice*)
Patrick Peluso (*pro hac vice*)
**Woodrow & Peluso, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, CO 80210
Tel: (720) 213-0675
swoodrow@woodrowpeluso.com
ppeluso@woodrowpeluso.com

Stefan Coleman
**Law Offices of Stefan Coleman, P.A.**
201 South Biscayne Blvd., 28th Floor
Miami, Florida 33131
Tel: (877) 333-9427
law@stephancoleman.com

-and-

Robert A. Assuncao (*pro hac vice*)
Steven F. Gooby (*pro hac vice*)
**Ansa Assuncao, LLP**
100 Matawan Road, Suite 410
Matawan, NJ 07747
Tel: (732) 993-9850
robert.assuncao@ansalaw.com
steven.gooby@ansalaw.com

## MEDIATION OF CASES PENDING BEFORE JUDGE GERGEL

Instructions: Complete this form and file with the joint Rule 26(f) Report.

Case Name:     <u>Henna Cardenas v. Resort Sales by Spinnaker, Inc., et al.</u>

C/A No.:       <u>9:20-cv-376-RMG</u>

1. Would early mediation be useful in this case? If the answer is in the affirmative, when would you propose to conduct mediation in this matter?

RESPONSE:

<u>Plaintiff's position</u>: Plaintiff needs to know the identit(ies) of the entit(ies) who called her on behalf of Defendants together with: (a) the way that/those entit(ies) claim they obtained prior express consent to call Plaintiff, and (b) the total number of people called who supposedly consented in the same way. Defendants control how quickly that information is provided. Instead, they have proposed a bifurcated discovery schedule—where the Parties would first focus solely on the Plaintiff's individual claim—that accomplishes little more than needlessly delaying the litigation *and* the disclosure of information needed to appropriately evaluate settlement consistent with Plaintiff and her counsel's duties to members of the as-yet uncertified class.

<u>Defendants' position</u>: Yes. At the conclusion of Plaintiff (only) merits discovery, if bifurcated discovery is ordered by this Court. In response and contrary to Plaintiff's position, above, Defendants further state that they do not "control how quickly [] information is provided" by non-party independent contractors. Defendants' proposed Phase I topics of discovery, items 1-6, set forth in Defendants' Discovery Plan provide for discovery of non-party independent contractors who may have made the alleged calls to Plaintiff. However, discovery in Phase I should be limited to the merits of Plaintiff's direct liability claims against Defendants since prior discovery and a judicial decision in the District of New Jersey confirmed that neither Defendant made the alleged calls to Plaintiff. If Plaintiff's direct liability claims are dismissed following Phase I, the scope of this case will be narrowed and the burden of unnecessary, time-consuming, and costly discovery will be avoided.

2. If early mediation is not thought to be useful, when is the earliest stage in which you believe it might be useful?

RESPONSE:

<u>Plaintiff's position</u>: See above for Plaintiff. Once the necessary information is disclosed Plaintiff will be in a position to provide a written settlement demand.

<u>Defendant's position</u>: Not applicable.

3. Please provide the court with any additional information that would assist in setting a timeline for required mediation.

RESPONSE: None.

| Signatures | Party Represented |
|---|---|
| /s/ Margaret A. Collins, Esq. | Plaintiff Henna Cardenas |
| /s/ S. Harrison Williams, Esq. | Defendants Resort Sales by Spinnaker, Inc. and Resort Sales Missouri, Inc. |