# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **HENNA CARDENAS, Individually and on behalf of all others similarly situated,** | ) ) ) | Case No.: 9:20-cv-376-RMG |
| **Plaintiff,** | ) ) | **JOINT RULE 26(f) REPORT AND DISCOVERY PLAN** |
| **vs.** | ) ) | |
| **RESORT SALES BY SPINNAKER, INC. and RESORT SALES MISSOURI, INC.** | ) ) ) | |
| **Defendants.** | ) ) ) ) | |

Counsel for Plaintiff Henna Cardenas ("Plaintiff") and Defendants Resort Sales by Spinnaker, Inc. ("RSS") and Resort Sales Missouri, Inc. ("RSM") (collectively, the "Parties") participated in a telephonic Rule 26(f) meeting on August 12, 2020, and hereby submit the following joint discovery plan pursuant to Federal Rule of Civil Procedure 26(f)(3):

## DISCOVERY PLAN

**(A)** **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

The Parties do not request any changes be made to the form of or requirement for Rule 26(a) disclosures. The Parties agree to exchange Rule 26(a)(1) initial disclosures by September 16, 2020.

**(B)** **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited or focused on particular issues.**

The Parties disagree as to whether or not discovery should be conducted in phases.

**Plaintiff's Discovery Plan**

Plaintiff objects to Defendants' proposal to bifurcate discovery into three distinct phases: FIRST, discovery into the merits of Plaintiff's claim, SECOND, discovery related to whether a class can be certified, and THIRD merits-based discovery for the certified class. The key questions regarding the claims ask:[1] (1) who made the calls, (2) how did they get consent to make the calls, (3) were the calls on behalf of Defendants, and (4) how many calls were placed. Plaintiff also needs to know how many calls were placed to consumers on the DNC List and information regarding Defendants' do not call policies, such as Defendants' maintenance of any internal do not call lists and any training of their personnel. There is simply no basis for separating discovery into separate phases.

This is particularly true in the instant case since the discovery related to Plaintiff and the Class are likely to overlap. Whether Defendant had a do not call policy that is available on demand, whether it trained its personnel in that policy, whether it recorded do not call requests and honored them for five years; whether Defendants obtained consent; whether the calls were on behalf of Defendant to sell their timeshares—all of these are common issues for Plaintiff and the proposed Class and both will require substantially the same discovery. There is no reason to force Plaintiff to win her individual case simply to be entitled to learn how many other persons are similarly situated and the number of phone calls placed to them (the two key determinants of Defendants' liability). Likewise, there is no basis for making Plaintiff wait to learn the purpose of the calls to her and others.

---

[1] Plaintiff's LR 26.03 statement references ATDS claims. There are no ATDS claims at issue in this case.

2

Ultimately Defendants appear interested in erecting barriers to the effective prosecution of this case through protracted motion-practice (the Court already denied Defendants' Motions to Dismiss) and now three separate discovery hurdles. The Court should reject Defendants' proposal and instead enter the following deadlines:

| | |
|---|---|
| Deadline to Amend Pleadings: | Wed. December 2, 2020 or within 30 days of Plaintiff uncovering the specific entities that made the calls at issue; |
| Deadline to complete discovery: | Wed. June 16, 2021 – this will encompass both class and merits discovery; |
| Expert Disclosures: | Expert reports due June 30, 2021. Rebuttal reports due July 28, 2021; |
| Expert Deposition Deadline: | August 30, 2021; |
| Certification Briefing: | Motion by Plaintiff due no later than September 29, 2021. Opposition by Defendants' due October 27, 2021. Replies due November 17, 2021; |
| Subsequent CMC: | To be set by Court following a ruling on class certification. At this CMC, the Court will set deadlines for completion of ADR, dispositive motions, the pre-trial conference, and trial/jury selection date. |

**Defendants' Discovery Plan**

Defendants contend that conducting discovery in phases is the most proper and efficient use of the Court's time and resources.  Bifurcation is appropriate because Defendants have defenses to Plaintiff's individual claims that will dispose of this action prior to class certification. Specifically, Defendants did not make any of the alleged telemarketing calls to Plaintiff, she has not identified the alleged caller, Defendants are unable to identify the alleged caller from the allegations in Plaintiff's Complaint, and Defendants did not authorize or knowingly allow any telemarketing vendor to make any telemarketing calls in violation of the TCPA.  If Plaintiff cannot

establish either direct or vicarious liability with regard to her individual TCPA claims, her claims fail and she cannot act as a class representative for any putative class.

In a putative class action, bifurcation of discovery may be proper if the limiting of discovery prior to class certification will "help to determine whether the certification is proper based upon the claims of the named representative." *Stavroff v. Midland Credit Mgmt.*, 2005 WL 6329149 (N.D. Ind. June 8, 2005); *see also* Fed. R. Civ. P. 23(c)(1); Fed. R. Civ. P. 23 advisory comm. note (2003) (explaining that "[t]he party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified").

Bifurcating at this stage will promote judicial economy without prejudicing Plaintiff. Defendants propose that Phase 1 of discovery be limited to issues concerning Plaintiff's individual claims. Phase 2 (if Defendants do not prevail on an early summary judgment motion) would then consist of the class certification discovery in anticipation of a motion for class certification. Phase 3 (if Plaintiff prevails on a motion for class certification) would then consist of merits discovery for the certified class(es), as may be warranted.

This Court has the implicit authority to bifurcate discovery to minimize and defer "costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (4th Cir. 1970). Rule 42(b) grants courts broad discretion to bifurcate issues in a case for reasons of "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *accord Shetterly v. Raymark Indus.*, Inc., 117 F.3d 776, 782 (4th Cir. 1997). In exercising its discretion, the court must determine "which procedure is more likely to result in a just and expeditious final disposition of the litigation." 9A Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure §

4

2388 (3d ed. 2010). Within the Fourth Circuit, district courts have customarily exercised their discretion to order bifurcation of discovery for the sake of efficiency and to prevent prejudice to a defendant. *See Ziemkiewicz v. R+L Carriers, Inc.*, 2013 WL 2299722 (D. Md. May 23, 2013) (collecting cases). In a recent TCPA action in this district, Judge Cain found that discovery in multiple phases was appropriate and ordered discovery to be bifurcated. *See E & G, Inc. v. Mount Vernon Mills, Inc.*, Civil Action No. 6:17-cv-00318-TMC, Docket No. 38 (D.S.C. June 1, 2017).

If Defendants prevail on a motion for summary judgment by demonstrating that Plaintiff has no viable individual claim, then Plaintiff's claims relating to a putative class will also necessarily fail. *See Ardrey v. United Parcel Serv.*, 798 F.2d 679, 680-81 (4th Cir. 1986) (affirming bifurcation of discovery where district court "agreed with counsel . . . that plaintiffs would be required to 'establish viable individual actions' before class discovery would be allowed"); *Stavroff*, 2005 WL 6329149 (bifurcating discovery between individual merits and class discovery in the interest of judicial economy). Time spent pursuing class discovery prior to a determination of this threshold issue will be an expensive waste of resources. Limiting discovery to Plaintiff's individual claims prior to a ruling on a motion for summary judgment and then, if necessary, engaging in class-wide discovery, is the most efficient way to resolve this action.

Defendants will provide further argument in a formal Motion to Bifurcate Discovery if the Court so requests. The schedule Defendants believe is most appropriate is below.

**Phase 1 of Discovery:**

a.    Defendants propose conducting discovery on the following topics in Phase 1:

        1.    Whether RSS or RSM made the telephone calls to Plaintiff alleged in the Complaint;

5

2. If not RSS or RSM, the identity of the entity that allegedly called Plaintiff from the telephone numbers alleged in the Complaint;

3. If the caller is identified, the relationship of the caller to RSS or RSM, including any agreements between the caller and RSS or RSM;

4. The relationship of Plaintiff and RSS or RSM, and whether an existing business relationship existed between Plaintiff and RSS or RSM;

5. Whether Plaintiff gave her consent to be called; and

6. Any other facts relevant to the issue of whether either RSS or RSM can be held directly or vicariously liable for any alleged telephone calls made to Plaintiff as alleged in the Complaint.

b. All discovery under Phase 1, including written discovery and depositions, will be completed by January 15, 2021. No class discovery or other merits-based discovery should take place until it is determined whether Plaintiff's individual claims have merit.

c. Defendants anticipate Phase 1 of discovery will require at most (5) depositions of fact witnesses, and third-party discovery.

d. Defendants propose the following schedule for their Motion for Summary Judgment based on Plaintiff's individual claims:

1. Motion for Summary Judgment: February 19, 2021

2. Opposition to Motion: March 5, 2021

3. Reply in Support of Motion: March 12, 2021

4. Hearing on Motion for Summary Judgment: April 12, 2021 or at a date convenient for the Court.

6

Upon the Court's determination on a Motion for Summary Judgment, the Parties would agree to establish a schedule for further discovery, including for expert disclosures and depositions, as necessary in light of the status of the case at the time.

**Phase 2 of Discovery**

If the Court does not grant Defendants' Motion for Summary Judgment, the Parties should be required to provide within fifteen (15) days of the Court's decision on the Motion a new Joint Scheduling Report outlining the Parties' plan for moving forward with the remainder of discovery and the litigation.

**(C)    Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The Parties agree to discuss issues related to ESI in connection with and prior to the production of documents.  The Parties anticipate negotiating an agreement and protocol related to discovery of ESI.

**(D)    Any issues about claims of privilege or of protection as trial preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Parties intend to negotiate a proposed protective Order which embodies confidentiality protections for documents to be produced by the Parties during discovery as well as protections for materials which are privileged and/or covered by the work-product doctrine. The Parties anticipate submitting their proposed protective Order to the Court for approval.

**(E)    What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

None at this time.

**(F)    Any other orders that the court should issue under Rule 26(c) or Rule 16(b) – (c).**

<u>Plaintiff's position</u>: The Court should Order Defendants to disclose with their initial disclosures all information in their possession or control related to the calls, including the identities of any entities who made the calls, and any agents or vendors who may have made the calls.

<u>Defendants' position</u>:  Defendants do not request the issuance of any additional orders at this time.  In response to Plaintiff's position, there is no basis or need for Plaintiff's requested order that Defendants supplement their Initial Disclosures outside of the requirements of Rule 26(a)(1).  Moreover, Defendants object to Plaintiff's discovery request for "all information" "related to the calls" on numerous grounds.  The Federal Rules of Civil Procedure and the Local Rules of Civil Procedure provide Plaintiff with the appropriate tools for conducting discovery in due course, and the issuance of additional orders related to discovery would be inappropriate at this stage of the case.

Respectfully submitted,

*Attorneys for Plaintiff*

/s/ Margaret A. Collins
Margaret A. Collins
**P.S.L.G., LLC d/b/a Palmetto State Law Group, LLC**
2241 Bush River Road Columbia, SC 29210
Tel: (803) 708-7442
meg@pslawsc.com

-and-

Steven Woodrow (*pro hac vice*)
Patrick Peluso (*pro hac vice*)
**Woodrow & Peluso, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, CO 80210
Tel: (720) 213-0675
swoodrow@woodrowpeluso.com
ppeluso@woodrowpeluso.com

*Attorneys for Defendants*

/s/ S. Harrison Williams
Barry L. Johnson (Fed. I.D. No. 2185)
S. Harrison Williams (Fed. I.D. No. 12405)
**Johnson & Davis, PA**
The Victoria Building, Suite 200 10 Pinckney Colony Road Bluffton, SC 29909
Tel: (843) 815-7121
barry@jd-pa.com
harrison@jd-pa.com

-and-

Robert A. Assuncao (*pro hac vice*)
Steven F. Gooby (*pro hac vice*)
**Ansa Assuncao, LLP**
100 Matawan Road, Suite 410
Matawan, NJ 07747
Tel: (732) 993-9850
robert.assuncao@ansalaw.com
steven.gooby@ansalaw.com

Stefan Coleman
**Law Offices of Stefan Coleman, P.A.**
201 South Biscayne Blvd., 28th Floor
Miami, Florida 33131
Tel: (877) 333-9427
law@stephancoleman.com