# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Henna Cardenas, individually and on behalf of all others similarly situated, | C/A No.: 9:20-cv-00376-RMG |
| Plaintiff, | **ORDER AND OPINION** |
| v. | |
| Resort Sales by Spinnaker, Inc., a South Carolina Corporation, and Resort Sales Missouri, Inc., a Missouri Corporation, | |
| Defendants. | |

This matter is before the Court on Defendants Resort Sales By Spinnaker, Inc. and Resort Sales Missouri, Inc.'s motion to bifurcate discovery and amend the scheduling order. (Dkt. No. 32). For the reasons set forth below, Defendants' motion is granted in part and denied in part.

## I. Background

Plaintiff brings this putative class action against Resort Sales by Spinnaker, Inc. and Resort Sales Missouri, Inc. (collectively "Defendants") alleging Defendants violated the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA"). Plaintiff alleges Defendants, either individually or through third-party vendors, made unsolicited telephone calls to the telephones of consumers nationwide who are registered on the National Do Not Call Registry.

On December 18, 2020, Defendants moved to bifurcate discovery and amend the scheduling order. (Dkt. No. 32). Defendants argue bifurcation will save judicial resources and

1

promote efficiency. (Dkt. No. 32-1 at 5). Defendants propose discovery proceed in two phases. "Phase I of discovery [would] be limited to Plaintiff's direct claims against Defendants." (Dkt. No. 32-2 at 2). At the conclusion of Phase I, the parties would file motions for summary judgment. "Phase II"—assuming Plaintiff's individual claims survived a motion for summary judgment by Defendants—would include "class discovery" and "merits-based discovery." (*Id.*). Defendant also moves to amend the current scheduling order to incorporate multi-phase discovery. (*Id.* at 7). Plaintiff opposes Defendants' motion. (Dkt. No. 33) (opposing Defendants' request to bifurcate but generally agreeing with Defendants' request that the current scheduling order be amended). Defendants filed a reply. (Dkt. No. 34).

Defendants' motion is fully briefed and ripe for disposition.

**II.     Legal Standard/Analysis**

Whether to order bifurcation of claims/issues, during discovery or at trial, rests squarely within the broad discretion of the District Court. *See* Fed. R. Civ. P. 42(b); *Maher v. Continental Cas. Co.,* 76 F.3d 535, 545 (4th Cir.1996) (affirming bifurcation of claims and stay of discovery as to secondary claims); *In re Hutchinson,* 5 F.3d 750, 758 (4th Cir. 1993) (decisions on bifurcation reviewed for abuse of discretion); *Dixon v. CSX Transp., Inc.,* 990 F.2d 1440, 1443 (4th Cir. 1993) (same). And while the court enjoys broad discretion to bifurcate discovery, "bifurcation of discovery is the exception, rather than rule, and it is clear that in most instances, regular—that is, unbifurcated—discovery is more efficient." *Cent. Transp. Int'l, Inc. v. Gen. Electric Co.,* No. 3:08CV136–C, 2008 WL 4457707, at *3 (W.D.N.C. Sept. 30, 2008); *see Classen Immunotherapies, Inc. v. King Pharmaceuticals, Inc.,* 403 F.Supp.2d 451, 461 (D. Md. 2005) (bifurcation of discovery "would not further judicial economy").

Defendants' major argument in support of bifurcation is that it will promote judicial economy. (Dkt. No. 32-1 at 6-7). Defendants argue:

> Bifurcation is appropriate because Defendants have defenses to Plaintiff's individual claims that will dispose of this action prior to class certification. Defendants did not make any of the alleged telemarketing calls to Plaintiff. For her thinly-plead vicarious liability claims, Plaintiff must identify a telemarketing vendor or vendors who made the alleged calls. At the initial stage, discovery should be limited to confirming Defendants did not call Plaintiff, the identification of any telemarketing vendors who may have called her, and whether any alleged calls to Plaintiff were in violation of the TCPA. If Plaintiff cannot establish either direct or vicarious liability with regard to her individual TCPA claims, her claims fail, and she cannot act as a class representative for any putative class.

(*Id.* at 7). *See Akselrod v. MarketPro Homebuyers LLC*, No. CV CCB-20-2966, 2021 WL 100666, at *1 (D. Md. Jan. 12, 2021) (granting motion to bifurcate discovery in TCPA action and concluding that "that whether an ATDS was used and whether messages were telephone solicitations are issues of liability largely distinct from class certification issues (e.g., numerosity, commonality, typicality, and adequacy of representation)").

In response to the above, Plaintiff argues that "class and merits and the issues pertaining to the named Plaintiff's individual claims are all intertwined." (Dkt. No. 33 at 6-7) (noting that the "evidence needed to determine whether Plaintiff Cardenas has a claim substantially overlaps with her ability to" represent a class under Fed. R. Civ. P. 23). In sum, Plaintiff argues:

> [T]he evidence needed to show that the Defendants or the telemarketing vendors they hired failed to follow applicable Do Not Call list regulations—requiring them to refrain from cold-calling persons listed on the national DNC registry, honor do not call requests within thirty (30) days, and maintain and train staff in their written do not call policies—will be the same with respect to Plaintiff Cardenas and the class members she seeks to represent. Defendants haven't denied using uniform policies, nor have they offered any basis for being allowed to delay answering whether any policies that applied to Cardenas applied more broadly to others who were called for the same purpose.

(*Id.* at 7). Plaintiff also notes that, to date, Defendants "have refused to identify the vendors(s) at issue and have instead proceeded as if their request to bifurcate . . . has already been granted." (*Id.* at 3). *But see* Defendants' Reply, (Dkt. No. 34 at 6) (noting Defendants will produce "documents that identify third-party telemarketing vendors" once an appropriate confidentiality order is entered by the Court); Order Granting Motion for Confidentiality Order, (Dkt. No. 38) (filed Feb. 10, 2020—after the filing of Defendants' reply).

The Court finds highly instructive *Ahmed v. HSBC Bank USA, Nat'l Assoc.*, No. EDCV15057FMOSPX, 2018 WL 501413 (C.D. Ca. Jan. 5, 2018). In *Ahmed*, a TCPA action, the court denied the defendant's motion to bifurcate discovery. The court found that bifurcation could lead to undue delay and could encourage gamesmanship by the defendant in responding to plaintiff's discovery requests. The *Ahmed* court reasoned:

> In light of [*Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)] and the "rigorous analysis" requirement for class certification, many courts "are reluctant to bifurcate class-related discovery from discovery on the merits." This is because the distinction between class certification and merits discovery is murky at best and impossible to determine at worst. Separating merits and class discovery "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two." For example, bifurcation often creates unnecessary gaps in the evidence as a defendant has a strong incentive to withhold evidence even if such evidence "overlap[s] with the merits of the plaintiff's underlying claim" or "involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action."
>
> In addition to "rais[ing] a slew of issues," "[a]rbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes." For example, even if the class is not certified, the case will still continue and the discovery produced during the course of the case will be relevant and useful for the remainder of the case.

*Id.* at *3 (internal citations omitted); *see Munoz v. PHH Corp.*, No. 1:08-cv-0759-DAD-BAM, 2016 WL 10077139, *4 (E.D. Cal. 2016) ("Courts have repeatedly acknowledged that there is no

4

clear-cut division between discovery that relates to class certification and discovery that relates to the merits."); *In re: Riddell Concussion Reduction Litig.*, No. 13-7585 (JBS/JS), 2016 WL 4119807, *2 (D.N.J. 2016) (explaining that the court had previously declined to bifurcate discovery because "more often than not there is no 'bright line' between class certification and merits issues"); *Lakeland Regional Medical Center, Inc. v. Astellas US, LLC*, No. 8:10-cv-2008-T-33TGW, 2011 WL 486123, *2 (M.D. Fla. 2011) ("Simply stated, if district courts as neutral arbiters of the law find the distinction between merits and class issues to be murky at best, and impossible to discern at worst, the Court cannot imagine how parties with an incentive to hold back damaging evidence, can properly draw the line between these categories of evidence during 'phased' discovery.").

The Court <u>denies</u> Defendants' request to bifurcate discovery. The Court adopts the reasoning articulated in *Ahmed* and finds that bifurcation would not serve the interests of judicial economy, especially given Plaintiff's persuasive argument that the "evidence needed to determine whether Plaintiff Cardenas has a claim substantially overlaps with her ability to" represent a class under Fed. R. Civ. P. 23. (Dkt. No. 33 at 6-7); *see Ahmed*, 2018 WL 501413, at *3-4; *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-cv-02219-JST, 2015 WL 273188, at *2-3 (N.D. Cal. Jan 20, 2015) (declining to bifurcate a TCPA class action and noting that individual and class discovery claims typically overlap); *In re Rail Freight Surcharge Antitrust Litig.,* 258 F.R.D. 167, 174 (D.D.C. 2009) ("Bifurcated discovery fails to promote judicial economy when it requires ongoing supervision of discovery. If bifurcated, this Court would likely have to resolve various needless disputes that would arise concerning the classification of each document as 'merits' or 'certification' discovery.") (internal citation and quotations omitted). *Cf.* § 10:8. Bifurcating the issues—Trial, 3 Newberg on Class Actions §

10:8 (5th ed.) ("The *only* issue upon which a district court has no discretion is that in bifurcating, a court must 'preserve any federal right to a jury trial'—Rule 42 so says, and the Seventh Amendment so demands.") (emphasis added). And while Defendants argue that "[e]n masse discovery . . . would be inordinately burdensome, and expensive," Defendants provide no substantive detail as to why this would be so—especially in light of Plaintiffs' arguments regarding the overlapping of individual and merits claims discussed *supra*. (Dkt. No. 34 at 6-7). *See also In re Semgroup Energy Partners, L.P., Sec. Litig.*, No. 08-MD-1989-GKF-FHM, 2010 WL 5376262, *2–3 (N.D. Okla. 2010) ("because of the number of investors and the enormity of losses they allege to have incurred, this case is likely to continue even if Lead Plaintiff is not found to be an adequate class representative or class certification is otherwise denied").

### III.  Conclusion

For the above reasons, Defendants' motion to bifurcate discovery and to amend the scheduling order is **GRANTED IN PART AND DENIED IN PART**. (Dkt. No. 32). Defendants' request to bifurcate discovery is **DENIED.** Defendants' request that the current scheduling order be modified is **GRANTED.** Consistent with the above and within **seven (7) days of this Order**, the parties shall file on the docket a joint proposed amended scheduling order for the Court's consideration.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
United States District Judge

February 24, 2021
Charleston, South Carolina